**Warren E. DREWREY, Appellant**

v.

**Hillary Rodham CLINTON, Secretary, United States Department of State, Appellee.**

**No. 11–5100.**

United States Court of Appeals, District of Columbia Circuit.

May 18, 2012.

Morris Eli Fischer, Esquire, Law Offices of Morris E. Fischer, LLC, Silver Spring, MD, for Appellant.

Rachel Ann Bouman, Alan Burch, Assistant U.S., R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON, ROGERS, and GARLAND, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Warren Drewrey, an employee of the Department of State (DOS), brought suit against DOS alleging discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Specifically, he alleged that his supervisor, Roberto Coquis, discriminated and retaliated against him by: 1) falsely accusing him of insolent behavior in refusing to move his office, 2) falsely accusing him of misusing his leave time, 3) giving him a negative performance review and putting him on a "performance improvement plan," and 4) falsely accusing him of physically threatening behavior, which resulted in a sixty-day suspension. Compl. ¶¶ 12–19. The district court granted summary judgment to DOS.

With respect to the first two episodes, the district court correctly found that Drewrey had failed to exhaust his administrative remedies. Those episodes occurred on November 17, 2005 and May 24, 2006, respectively, but Drewrey did not initiate contact with an EEO counselor until August 7, 2006—well beyond the 45–day deadline. *See* 29 C.F.R. § 1614.105(a)(1). With respect to the remaining claims, Drewrey did not produce sufficient evidence for a reasonable jury to find that DOS acted for a discriminatory or retaliatory reason or that DOS' proffered explanation for its employment actions was pretextual. *Gilbert v. Napolitano,* 670 F.3d 258, 261 (D.C.Cir.2012).

The only supporting evidence that Drewrey introduced was two investigative reports prepared by DOS. *See* II J.A. 81–103, 123. The first report summarized telephone interviews with some of Drewrey's co-workers, who opined that Coquis' motivation may have been discriminatory or retaliatory. But the district court correctly noted that the co-workers' statements failed to provide any factual support for their opinions. Further, there were no sworn declarations or affidavits from these co-workers or Drewrey himself in the record regarding discriminatory or retaliatory intent. Nor did Drewrey attempt to depose any co-workers during discovery. The district court did not err in finding that the unsworn and unsubstantiated opinions recorded in the investigative report did not raise a genuine dispute of material fact to defeat summary judgment. *See* FED.R.CIV.P. 56(c); *Greene v. Dalton,* 164 F.3d 671, 675 (D.C.Cir.1999). The second investigative report upon which Drewrey relied was equally unavailing because it neither provided evidence that DOS acted with discriminatory or retaliatory purpose nor undermined DOS' explanation for its actions. *See Gilbert,* 670 F.3d at 261.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).